DELOSS E. LANDERS, PLAINTIFF, *v.* ALANSON F. BARTLE, EXECUTOR, ETC., OF BENJAMIN LANDERS, DECEASED, AND OTHERS, DEFENDANTS.

*Legacy — when it vests upon the death of the testator, though the time of payment be postponed.*

A testator gave to his wife the use of all his estate, both real and personal, for the term of her natural life, to terminate if she should marry again. The will then proceeded as follows: "At the death of my said wife, or at such time as she shall marry again, I give and bequeath to my son Deloss E. Landers nine hundred dollars and my gold watch, and to my son Dwight C. Landers one thousand dollars." All the rest and residue of his estate he gave to his daughter. *Held,* that the legacies given to the two sons vested upon the death of the testator, and would not lapse by reason of their deaths during the life of the widow.

Controversy submitted upon an agreed statement of facts, in pursuance of section 1729 of the Code of Civil Procedure.

The parties sought to obtain a judicial construction of certain portions of the will of the defendant's testator.

The will contained the following, among other clauses :

"*First.* After all my lawful debts are paid and discharged, I give, devise and bequeath to Emeline, my wife, the use of all my estate, both real and personal, for the term of her natural life, to terminate, however, at such time, if ever, as she shall marry again.

"*Second.* At the death of my said wife, or at such time as she shall again marry, I give and bequeath to my son Deloss E. Landers nine hundred dollars and my gold watch, and to my son Dwight C. Landers one thousand dollars.

"*Third.* All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to my daughter Helen M. Landers."

*William H. Hyde*, for the plaintiff.

*Solomon Bundy*, for the defendants.

BOARDMAN, J.:

We are called upon to decide whether a legacy given by the will of defendant's testator vested at his death. The will gave the testator's wife the use of all of his property during her life. The next clause provides as follows: "At the death of my said wife * * * I give and bequeath" to the plaintiff "nine hundred dollars * * * and to my son Dwight C. Landers $1,000." The third clause gives the residue of his estate to testator's daughter. If the bequest of $1,000 did not vest until the death of Dwight C. Landers' mother, then it lapsed by reason of his death before his mother, and in that case it is conceded the plaintiff is now entitled to it. If it did vest at the death of Benjamin Landers, the testator, subject only to the widow's life estate, then the defendant Nannie E. Landers, as executrix of Dwight C. Landers, deceased, is entitled to the same.

The principles controlling the decision of this case have been very lately considered by the Court of Appeals in *Smith* v. *Edwards* (88 N. Y., 92, 103, 105, 108). The vesting of legacies is always to be

sustained if such construction can fairly be made. (*Livingston* v. *Greene*, 52 N. Y., 123.) When the terms of the bequest import a gift and also a direction to pay at a subsequent time the legacy vests. (*Mannice* v. *Mannice*, 43 N. Y., 369.) Judge FOLGER, in *Warner* v. *Durant* (76 N. Y., 136), says: Where the gift is absolute and the time of payment only, postponed, the legacy becomes vested, and it does not lapse though he die before the time fixed for payment.

Judge FINCH, in *Smith* v. *Edwards* (*supra*), says of the rule forbidding the vesting of legacies: "It applies only where, beyond the direction for future distribution, there are no words and no provisions which import a present or vested gift or indicate such an intent. It does not control where the language of the will, while not expressly saying 'I give and bequeath,' does yet plainly import a present gift intended to vest immediately without reference to the clause of distribution."

In the case under consideration the language imports an absolute gift: "I give and bequeath . * * * to my son Dwight C. Landers $1,000." The language which precedes indicates only the time of payment. It is an absolute gift of $1,000, but the possession is postponed until the end of the life estate of his mother, the widow of Benjamin Landers. The meaning of the clause undoubtedly is the same as if it read thus: "I give to my son Dwight C. Landers $1,000, subject to the life estate hereinbefore given to my wife Emeline." There was a plain intent to make the gift without reference to the event, the death of his wife Emeline. (*Loder* v. *Hatfield*, 4 Hun, 36; affirmed, 71 N. Y., 92; see page 98.) The will also indicates an intent to give all of the testator's property to his three children, subject to their mother's life estate. There is nothing to indicate a purpose, that any of the legacies to his children should not vest, in case the legatee should not survive the widow, beyond the language first quoted.

Many authorities could be cited which would go far towards sustaining the views of the plaintiff, but it is believed that the tendencies of the later decisions, especially in our own State, justify the conclusion that the legacy given by this will to Dwight C. Landers vested at the death of his father and so passed by the will of Dwight C. to the defendant Nannie E. Landers under his will.

Judgment is therefore ordered in favor of the defendants, with costs payable out of the estate, and that the defendant Bartle, as executor, pay to Nannie E. Landers, as executrix of Dwight C. Landers, deceased, the amount of said legacy of $1,000, together with such interest as has accrued thereon.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment ordered for defendants, with costs out of estate, and that defendant Bartle, as executor, pay Nannie, widow of Deloss Landers, $1,000 and interest.